# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANNETTE Y. WOODMARK**, | Case No. 6:15-cv-472-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

James W. Moller, 8655 S.W. Citizens Drive, Suite 104, Portland, OR 97070. Of Attorneys for Plaintiff.

Billy J. Williams, U.S. Attorney, and Janice E. Hébert, Assistant U.S. Attorney, U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant U.S. Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Ms. Annette Y. Woodmark ("Claimant") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the

following reasons, the Court reverses the Commissioner's decision and remands this case for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Claimant's Application

Claimant protectively filed an application for DIB on April 12, 2011, alleging disability beginning October 1, 2008. AR 112-13. Claimant was born on January 15, 1961 and was 50 years old at the time that she submitted her application. AR 112. Claimant alleges disability based on bipolar disorder, depression, post-traumatic stress disorder, anxiety, arthritis, and back and knee pain. AR 112-13.

Claimant is a high school graduate and received a nursing assistant certification in 1979. AR 36, 201. Claimant started college in 1987 but stopped attending classes in 1990 and did not obtain her degree at that time. AR 64. Claimant worked as an employment representative from 1996 to 2000; as a clerical worker from June 2000 to July 2003; and as a child support case manager with the Oregon Department of Justice ("Oregon DOJ") from August 2003 to October 2008. AR 35-36, 202, 703. Claimant returned to school in 2008 and completed her Bachelor's degree in December 2010.[1] AR 64. According to Claimant, she received many accommodations while in school, such as extra time to complete written assignments, tape-recording of classes, and no downgrading for spelling or grammar errors. AR 81-82. In March 2012, Claimant began work at Lane Community College ("LCC") as a part-time art studio technician. AR 23, 69.

The Commissioner denied Claimant's application initially and upon reconsideration. AR 142, 149. Thereafter, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). *See* AR 159. Claimant appeared for a hearing on June 27, 2013, at which she was

---

[1] Claimant's hearing testimony on this issue is inconsistent with her DIB application. Claimant testified on June 27, 2013 that she completed her college degree in December 2010. AR 64. On Claimant's DIB application, however, Claimant lists her college completion date as December 2008. AR 201.

represented by counsel. AR 21. Claimant testified at the hearing. *Id.* Claimant testified, in part, that she was currently working at LCC for about 15 hours per week. AR 70-72. A vocational expert ("VE") also appeared and testified at the hearing. AR 21. On August 29, 2013, the ALJ issued a decision finding that Claimant was not disabled within the meaning of the Social Security Act. AR 18-37.

Claimant petitioned the Appeals Council for review of the ALJ's decision. AR 14. Claimant submitted additional medical evidence to the Appeals Council. AR 5. The Appeals Council admitted some of the additional evidence into the record. AR 1-2; *see also* AR 694-760 (additional medical evidence). The additional medical evidence includes a letter dated March 12, 2008, from Dr. David V. Baldwin to Oregon Vocational Rehabilitation. AR 703. Dr. Baldwin is a psychologist who treated Claimant in 2008. *Id.* In the letter, Dr. Baldwin opined that that Claimant meets the diagnostic criteria for dissociative disorder, although she was receiving treatment regularly and "doing fairly well." *Id.* Dr. Baldwin stated that Claimant is "capable of handling suitable and challenging employment," but that her current position as a child support case manager with the Oregon DOJ was a "continuing source of emotional stress" and recommended that Claimant find alternative employment. *Id.*

The Appeals Council found that the new information does not provide a basis for overturning the decision of the ALJ. AR 1-2. On January 16, 2015, the Appeals Council denied Claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. AR 1. Claimant now seeks judicial review of the ALJ's decision.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
    significant mental or physical duties done or intended to be done for pay
    or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
    such work, she is not disabled within the meaning of the Act. 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing
    substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's
    regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An
    impairment or combination of impairments is "severe" if it significantly
    limits the claimant's physical or mental ability to do basic work activities.
    20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death,
    this impairment must have lasted or be expected to last for a continuous
    period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the
    claimant does not have a severe impairment, the analysis ends. 20 C.F.R.
    §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe
    impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the
    impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
    then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii),
    416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
    the listed impairments, the analysis continues. At that point, the ALJ must
    evaluate medical and other relevant evidence to assess and determine the
    claimant's "residual functional capacity" ("RFC"). This is an assessment
    of work-related activities that the claimant may still perform on a regular
    and continuing basis, despite any limitations imposed by his or her
    impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),
    416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis
    proceeds to step four.

PAGE 5 – OPINION AND ORDER

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ began her opinion by finding that Claimant met the insured status requirements of the Social Security Act through December 31, 2013, meaning that Claimant must establish disability on or before that date in order to be entitled to DIB. AR 21, 23. The ALJ then performed the sequential analysis. At step one, the ALJ found that Claimant has not engaged in

substantial gainful activity since October 1, 2008, the alleged onset date. AR 23. The ALJ

explained that although Claimant worked after October 1, 2008, this work activity did not rise to

the level of substantial gainful activity as defined by the Social Security Regulations ("SSR"). *Id.*

At step two, the ALJ found that Claimant has the following severe impairments: irritable

bowel syndrome ("IBS"); a history of anterior cruciate ligament repair; degenerative disc disease

of the cervical spine and lumbar spine; bilateral high frequency hearing loss; osteoarthritis of the

left foot; post-concussive syndrome; and adjustment disorder with mixed anxiety and depressed

mood. AR 23-24. The ALJ noted that the record references additional impairments including

obesity, moderate obstructive sleep apnea, low potassium, hypertension, and gastroesophageal

reflux disease. AR 24. The ALJ concluded that the record does not support a finding that those

additional impairments significantly limited Claimant's ability to perform basic work activities,

and thus that those additional impairments were not "severe" under the SSR. *Id.* Nonetheless, the

ALJ considered those impairments she found nonsevere in combination with Claimant's severe

impairments in her decision. *Id.*

At step three, the ALJ found that Claimant does not have an impairment or combination

of impairments that meets or medically equals the severity of one of the listed impairments in

20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24.

The ALJ next addressed Claimant's RFC. The ALJ found that Claimant has the ability to

perform light work as defined in 20 C.F.R. § 404.1564(b). AR 26. Specifically, the ALJ found

that Claimant can: (1) frequently push, pull, and perform foot operations with the left side;

(2) occasionally climb ramps and stairs; (3) occasionally balance, stoop, kneel, crouch, and

crawl; and (4) can tolerate a moderate noise intensity level. *Id.* The ALJ additionally found that

Claimant: (1) must be allowed to alternate between sitting and standing positions at will

throughout the day while remaining on task; (2) can never climb ladders, ropes, or scaffolds; (3) must avoid all exposure to excessive noise and unprotected heights; (4) must work in a low stress job in which she has only occasional decision-making and changes in work setting; (5) cannot tolerate production rate or pace work; and (6) would be off task outside normal work breaks for five percent or less of a normal workday. *Id.*

In formulating the RFC, the ALJ found that although Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 27. The ALJ reasoned that the medical evidence does not support Claimant's allegations of debilitating impairments and associated limitations, and that Claimant's allegations are inconsistent with her work and educational history. AR 27-32.

At step four, the ALJ determined that Claimant is unable to perform any past relevant work. AR 35. At step five, the ALJ considered Claimant's age, education, work experience, RFC, and the VE's testimony. AR 36-37. The ALJ concluded that Claimant could perform jobs—such as cleaner/polisher, marking clerk, and office helper—that exist in significant numbers in the national economy. AR 37. Accordingly, the ALJ ruled that Claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2008, the alleged onset date, through August 29, 2013, the date of the ALJ's decision. *Id.*

## DISCUSSION

Claimant argues that the ALJ provided inadequate—and often factually inaccurate— reasons for discrediting Claimant's subjective symptom testimony, and thus that substantial evidence in the record does not support the ALJ's credibility finding. The Court first discusses whether the ALJ properly discounted Claimant's credibility. Because the Court finds that the ALJ did not provide legally sufficient reasons for finding Claimant less than fully credible, the

PAGE 8 – OPINION AND ORDER

Court then discusses whether to remand this case for further proceedings or to remand this case for an immediate award of benefits.

## A. Claimant's Credibility

There is a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281).[2] It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily

---

[2] The Commissioner disputes that the specific, clear, and convincing standard applies and argues that courts must apply the more deferential "substantial evidence" standard of review set forth in 42 U.S.C. § 405(g). Ninth Circuit law is clear, however, that "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter*, 504 F.3d at 1036). The Court will follow Ninth Circuit law.

discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 16-3p, *available at* 2016 WL 1119029. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid[,] [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment . . . ." *Smolen*, 80 F.3d at 1284. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197.

At step one of the credibility assessment, the ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause her alleged symptoms. AR 27.

At step two, however, the ALJ found that Claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible. *Id.* The ALJ reasoned that Claimant's subjective symptom testimony is not supported by the medical record or Claimant's work and educational history. The Court addresses each argument in turn.

### 1. The Medical Record

The ALJ began her credibility assessment by asserting that the medical evidence does not support Claimant's allegedly debilitating impairments and associated limitations. AR 27. The ALJ then engaged in a lengthy recitation of the medical record. *See* AR 27-31. In the ALJ's description of the medical record, however, the ALJ did not explain which pain testimony she found to be not credible and why. An ALJ must "specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Although the Commissioner argues that portions of the medical record identified by the ALJ contradict Claimant's subjective symptom testimony, a reviewing court may only consider the reasons that the ALJ asserts for discrediting a claimant's subjective symptom testimony. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Because the ALJ did not explain why her general description of the medical record undermines Claimant's testimony, her description is not a clear and convincing reason, supported by substantial evidence, to discredit Claimant.

After her general description of the medical record, the ALJ asserted specific reasons for finding that Claimant's testimony conflicts with the medical record: (1) Claimant's allegations of IBS are inconsistent with the medical record; (2) Claimant only alleged back and knee pain in the context of obtaining and renewing her Oregon medical marijuana card; and (3) Claimant's allegations of severe foot pain are unsupported by the medical record. AR 31-32. The Court addresses each of the ALJ's assertions in turn.

### a. Claimant's Allegations of IBS

The ALJ found that Claimant "testified at the hearing to constant stress-related diarrhea since 2003, but the medical evidence of record does not support this statement." AR 31. The ALJ cited to a medical report dated November 2011 where the provider stated that Claimant's IBS symptoms were improving due to treatment that included fiber supplements and stress management. AR 531. This same report characterized "stress as the biggest factor" in Claimant's IBS symptoms. *Id.* The ALJ also cited to a March 2012 report in which Claimant complained of back pain and severe muscle spasms but denied bowel problems, AR 627-28, and to an August 2011 report that states that Claimant had been experiencing abdominal pain symptoms for nearly a year and a half, although she has had symptoms as early as 2002. AR 511. The August 2011 report additionally stated that although Claimant regularly was taking medication, Claimant did not notice significant improvement and was still seeing blood in her stool. *Id.* The ALJ concluded that the record "demonstrates that claimant's complaints of abnormal bowel symptoms were intermittent, and generally well managed through medication," and that Claimant "was and remains able to work despite her allegations" regarding IBS. AR 31-32.

Claimant argues that the ALJ's finding that Claimant testified to "*constant* stress-related diarrhea since 2003" is not supported by her hearing testimony. *See* AR 31 (emphasis added). The Court agrees. At the hearing, Claimant testified that her IBS is stress-related and "very much affected by the kind of work" that she is doing at the time. AR 78. Claimant testified that with her current work schedule, her bowels wake her up at about 3:00 a.m. several times per week and she has diarrhea until the late morning. *Id.* According to Claimant, she is able to work part-time despite her bowel problems because she wears adult diapers. AR 80. Although Claimant stated that her bowel problems began in 2003, she also testified that the severity of her IBS depends on how she manages stress and her work schedule. AR 78-80. Thus, the ALJ's finding that Claimant

PAGE 12 – OPINION AND ORDER

alleged *constant* stress-related diarrhea since 2003 is not supported by her hearing testimony, nor is Claimant's hearing testimony regarding her IBS inconsistent with the medical evidence cited by the ALJ. Thus, Claimant's allegations of IBS symptoms are not a specific, clear, and convincing reason to discredit Claimant's credibility.

**b.  Claimant's Allegations of Back and Knee Pain**

The ALJ found that the medical record shows that Claimant only alleged pain symptoms relating to her back and knee in the context of obtaining and renewing her medical marijuana card. AR 32. Claimant argues that this finding is factually incorrect. The Court agrees. Although Claimant sought and obtained a medical marijuana card in 2010, AR 28, Claimant complained of back pain as early as November 2002. AR 278; *see also* AR 291-92 (April 2005 medical report noting that Claimant has a history of lower back pain). Additionally, Claimant began a six-week physical therapy regimen in February 2006 for her "[l]ong history of back pain" that "progressed to numbness and tingling" in her right leg. AR 328-29. Thus, the ALJ's finding that Claimant only alleged back and knee pain in the context of receiving medical marijuana is unsupported by the medical record.

The ALJ also noted that an April 2013 medical report stated that Claimant's chronic pain symptoms are well-controlled with marijuana. AR 32. That same medical report, however, described Claimant's condition as persistent and her pain as "exhausting," "miserable," and "unbearable." AR 682. The medical report also states that Claimant was incapacitated by pain seven days out of the previous month. *Id.* An ALJ may not selectively quote from treatment records when making a credibility determination. *See Holohan*, 246 F.3d at 1207-08. Thus, the ALJ's passing reference to the April 2013 medical report is not a specific, clear, and convincing reason to discredit Claimant's subjective pain testimony.

### c.  Claimant's Allegations of Foot Pain

The ALJ found that Claimant's allegation of severe pain in her left foot is not supported by the record. AR 32. The ALJ, however, does not identify any evidence in the record that contradicts Claimant's allegation of severe foot pain. In fact, the ALJ explicitly noted that Claimant complained of this pain to a treating physician in January 2012. *Id.* (citing AR 528). Ninth Circuit law is clear that "'the ALJ must identify what testimony is not credible *and what evidence undermines the claimant's complaints*.'" *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)) (emphasis added). Because the ALJ does not identify what medical evidence in the record conflicts with Claimant's testimony on this point, the ALJ's finding that Claimant's allegation of severe pain is unsupported by the record is a legally insufficient reason for discrediting Claimant.

In sum, the ALJ did not provide specific, clear, and convincing reasons for finding that the medical record undermines Claimant's credibility.

### 2.  Claimant's Work and Educational History

The ALJ found that Claimant's decision to leave work in order to pursue her degree reflects negatively on Claimant's credibility because it demonstrates "the claimant's ability to achieve a long term goal." AR 31. The ALJ also noted that "prior to going to school, the claimant stated she wanted to work one day per week in art therapy, as she now is."[3] *Id.* The ALJ concluded that "[t]his demonstrates that the claimant, despite her limitations, is able to attend and complete school as well as successfully work." *Id.*

The Commissioner argues that the ALJ reasonably found that Claimant decided to leave work in order to pursue a degree rather than due to her impairments. The Commissioner cites to

---

[3] The Court notes that the ALJ found that Claimant's work at LCC did not rise to the level of "substantial gainful employment" as defined in the SSR. AR 23.

*Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), in support of the legal proposition that this is a sufficient basis to disregard subjective symptom testimony. *See id.* at 828 (finding that the ALJ did not err in rejecting the claimant's subjective pain testimony where the claimant "stated at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured"). This was not the reasoning of the ALJ, however. The ALJ discounted Claimant's credibility because Claimant's decision to leave work reflected her "ability to achieve a long term goal." AR 31. A reviewing court may only consider the reasons that the ALJ provides for discrediting a claimant's subjective symptom testimony. *Connett*, 340 F.3d at 874. The Court agrees with Claimant that her ability to achieve a long-term goal and to secure a part-time job that does not rise to the level of substantial gainful employment are not, in and of themselves, specific, clear, and convincing reasons for discrediting Claimant.

The ALJ also found that although Claimant testified to "many accommodations in her past job, the record does not support this finding." AR 31. At the hearing, Claimant expressed frustration that although the Oregon DOJ gave other employees accommodations that were identical to some accommodations that she had asked for, Claimant did not receive those accommodations. AR 82-83. The only special accommodation that Claimant identified receiving at the Oregon DOJ was time off to see her psychiatrist during the weekday. AR 84. Although Claimant testified that Oregon Vocational Rehabilitation paid for hearing aids and special shoes that allowed Claimant to stand on cement floor, Claimant's hearing testimony is vague as to when she received the hearing aids and special shoes. AR 83. Thus, it is unclear that Claimant testified to receiving "*many* accommodations in her past job." AR 31 (emphasis added).

The ALJ noted that Claimant's Employee Assistance Program ("EAP") records do not identify what accommodations, if any, were provided to Claimant. AR 31. The EAP records,

however, are actually medical records from appointments Claimant had with Ms. Abelson, a Licensed Clinical Social Worker, in 2006 and 2008. *See* AR 660-678. EAP referred Claimant to Ms. Abelson. AR 662. Ms. Abelson, in turn, referred Claimant to Dr. Baldwin for further psychological treatment in 2008. AR 677-78. These records do not contradict Claimant's hearing testimony. Additionally, an ALJ cannot disregard testimony "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. Thus, the absence of any discussion in Claimant's EAP referral records regarding special accommodations is not a clear and convincing reason for discrediting Claimant's testimony.

In sum, the ALJ did not provide specific, clear, and convincing reasons for finding that Claimant's work and educational history undermines her credibility.

## B.  Remand for Benefits vs. Further Proceedings & Credit-as-True Doctrine

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). It has been described by the United States Court of Appeals for the Ninth Circuit as:

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.

Ordinarily, if all three of these elements are satisfied, a district court must remand for a calculation of benefits. *Id.* If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *see also Burrell*, 775 F.3d at 1141 (remanding for further proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled").

Further administrative proceedings may serve a useful purpose in this case. For example, the Appeals Council admitted additional evidence into the record that has not been considered by the ALJ. Additionally, the ALJ appears to have based her evaluation of Dr. Prescott's and Ms. Myers's opinions in part on her finding regarding Claimant's credibility and hearing testimony.[4] AR 34-35. Thus, outstanding issues remain and the Court remands this case for further proceedings. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

---

[4] Claimant suggests that if the Court remand this case for further proceedings, one or more of Claimant's mental health providers should complete a psychiatric review form to be

On remand, the ALJ shall reconsider Claimant's credibility, taking into account the additional medical evidence the Appeals Council admitted into the record. If necessary, the ALJ shall also reconsider those portions of Dr. Prescott's and Ms. Myer's opinions that the ALJ afforded only partial weight to due to the ALJ's finding regarding Claimant's credibility, or any other portion of the record as required, and formulate a new RFC and determine whether work exists in significant numbers in the national economy for a person with Claimant's limitations.

## CONCLUSION

The Commissioner's decision that Claimant is not disabled is REVERSED and this case is REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 31st day of May, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

entered into the record. Claimant, however, cites no authority that would support the procedure she suggests for remand in this case. Accordingly, the Court will not order such a form to be completed.